IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CARDINAL HEALTH 414 LLC, | * | |
| Plaintiff, | * | |
| v. | * | MC 121-020 |
| TIM PRATOR, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is nonparty Augusta Isotopes Holdings, LLC's ("AI") "Motion to Quash and/or Limit Subpoena." (Doc. 1.) In its motion, AI seeks to quash a subpoena issued by the U.S. District Court for the Southern District of Ohio in the related matter of <u>Cardinal Health 414, LLC v. Tim Prator</u>, Civ. Action No. 2:19-cv-4121-EAS-EPD. That case is ongoing and involves Defendant's alleged violations of certain restrictive covenants between himself and Plaintiff, his former employer. By its subpoena, Plaintiff seeks to depose Defendant's new company, AI, to establish Defendant's post-employment activities that may have violated his restrictive covenants. (Doc. 2, at 4.) While the subpoena originated in the related Southern District of Ohio action, it was served on AI in this District since this is where it is to be

enforced or quashed.[1]  Rule 45(f) was revised to provide for this procedure in 2013:

> Prior to the [Fed. R. Civ. P.] 2013 amendments, subpoenas for depositions or production of documents were issued from the court for the district where compliance is required, and the power to quash or modify any issued subpoenas was reserved to that court. The 2013 amendments changed that structure. Under the new rule, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P., Rule 45(a)(2). The new rule provides the court where compliance is required with the power to adjudicate a motion to quash or modify the subpoena. See Fed. R. Civ. P., Rule 45(d)(3). But the new rule also provides a vehicle for transferring such motions to the issuing court: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P., Rule 45(f).

Agincourt Gaming, LLC. v. Zynga, Inc., No. 2:14-cv-0708, 2014 WL 4079555 at *6 (D. Nev. Aug. 15, 2004) (citation omitted). Defendant here has not consented, so Plaintiff must show exceptional circumstances, which are outlined by the advisory committee as follows:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on

---

[1] "Subpoenas served on nonparties are governed by Fed. R. Civ. P. 45, which requires that a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." Miller Constr. Equip. Sales, Inc. v. Clark Equip. Co., No. 1:15-cv-00007, 2016 WL 447717, at *1 n.1 (S.D. Ga. Feb. 4, 2016)(internal citation and quotations omitted).

> local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

FED. R. CIV. P. 45(f) advisory committee's note (2013).

Courts faced with a transfer motion "must account for the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Google, Inc. v. Digit. Citizens All., No. 15-00707, 2015 WL 4930979, at *2 (D.D.C. July 31, 2015) (quotations and citation omitted). They also "must balance the interest of local resolution against factors such as judicial economy and risk of inconsistent rulings." Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC, No. 15-0062MC, 2016 WL 159952, at *3 (D. Ariz. Jan. 14, 2016); see also Agincourt, 2014 WL 4079555, at *7 (because similar discovery issues in issuing district had been briefed, the danger of inconsistent rulings therefrom weighed in heavily in favor of transfer), and Valle del

3

Sol, Inc. v. Kobach, No. 14-mc-219, 2014 WL 3818490 at *4 (D. Kan. Aug. 4, 2014) (exceptional circumstances found where similar issues arose in discovery in multiple districts, thereby creating the risk of inconsistent rulings).

Here, Plaintiff has met its burden. As explained in Plaintiff's response, this action has been pending for nearly two years. (Doc. 2, at 2.) Plaintiff avers Chief Magistrate Judge Deavers has "held many conferences with the Parties" where she has addressed numerous discovery issues, including Defendant's alleged failure to meet discovery obligations. (Id. at 3.) Plaintiff states that Judge Deavers "has already identified information about [AI] as relevant to the case" and has also entered a discovery order. (Id. at 7.) A ruling on AI's motion by this Court presents the risk of inconsistent rulings and frustration of Judge Deavers' ongoing case management. Lastly, the Court notes that any burden to AI would be minimal here because Plaintiff requests a remote deposition. (Id.)

**IT IS THEREFORE ORDERED** that this matter is **TRANSFERRED** to the Southern District of Ohio where the above-captioned case originated. The Clerk is **DIRECTED** to **TRANSFER** this miscellaneous case to the Southern District of Ohio and **CLOSE** this case after it is transferred.

**ORDER ENTERED** at Augusta, Georgia, this ___9th___ day of November, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA